ALBANY.
October, 1829.

Bissell
v.
Hills.

---

## BISSELL vs. HILLS.

THIS was an action for false imprisonment, tried at the Oneida circuit in October, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

·The false imprisonment complained of, was an arrest in a civil suit on a *warrant* issued by a justice of the peace on 29th August, 1827, against the now plaintiff at the suit of the present defendant and another person. The warrant was issued on the *oath* of the now defendant, that the plaintiffs in that suit would be in danger of losing their demand unless the process against the defendant in the same was by warrant; the now defendant orally stating the facts and circumstances within his nowledge, shewing the grounds, of the application. The plaintiff insisted that the warrant had improperly issued, inasmuch as no *proof*, within the meaning of the statute, had been exhibited to the justice to authorize the issuing of it. The judge nonsuited the plaintiff. A motion was now made to set aside the nonsuit.

Under the *justice's act* of 1824, the *oath* of the party applying for a warrant is *proof* within the meaning of the statute, whereon the necessity and propriety of issuing a *warrant* may be determined.
And *it seems* that under the *Revised Statutes* the affidavit of the *party* applying for a warrant would be held sufficient.

*T. Jenkins,* for defendant.

*S. Beardsley,* for plaintiff.

ALBANY,      *By the Court,* MARCY, J.  The only question presented
October, 1829. by the bill of exceptions in this case is, whether a party, ap-
Bissell·     plying in his own behalf for a warrant under the fifth section
v.           of the *act for the better and more speedy recovery of debts of*
Hills.       *the value of fifty dollars,* (Statutes, vol. 6, 281, c. passed in
1824,) can make, by his own oath alone, the satisfactory proof
therein required, that the defendant is about to depart from the
county, or that the plaintiff will be in danger of losing his de-
mand unless the process be by warrant.

It is true that this court, in expounding similar expressions
in the fourth section of the justices' act of 1808, did decide
that the *proof* required, meant legal evidence, and that the
party's own oath is not such evidence, (9 Johns. R. 75 ;) but
in the case of *Terry* v. *Fargo,* (10 Johns. R. 114,) the court
say that in making the former decision they did not advert to
an amendment of that section made in the year 1810, which
expressly allows the party applying for a warrant to be ex-
amined on oath.   The section of the act of 1824, upon which
this question arises, embraces both the fourth section of the
act of 1808 and the subsequent amendment of it, and must
have the same effect united that was given to them when
disjoined in the case of *Terry* v. *Fargo.*   The practice, I
believe, has been very general, perhaps universal, to take the
plaintiff's own statement under oath, upon which the justice
determines the necessity and propriety of issuing a warrant·
The legislature of 1813, which consolidated these two pro-
visions and that of 1824 which continued them thus consoli-
dated, knew of the construction given to these provisons by
the supreme court and the practice of magistrates under it,
and by retaining the language unchanged, must be considered
as giving their sanction to that construction.   The same
provision, without any essential variation of language, is re-
tained in the *Revised Statutes,* (vol. 2, p. 229, § 18, 19.)   Not
only this court, but the legislature in several instances has, as
I conceive, considered the oath of the party, proof, which may
authorise the justice to issue a warrant, in the cases specified
in the fifth section of the act of 1824.

                    Motion to set aside nonsuit denied.